**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1361
_____

JANINE GROSSNICKLE, as, Representative, of the estate of Tiffany Reeves,
Appellant
v.

CONNECTIONS COMMUNITY SUPPORT PROGRAMS INC; PERRY PHELPS;
MARC RICHMAN; ROBERT MAY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-21-cv-00715)
District Judge: Honorable Stephanos Bibas[*]
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2023
_____

Before: JORDAN, PHIPPS, and ROTH, *Circuit Judges*.

(Filed: April 4, 2023)
_____

OPINION[**]
_____

PHIPPS, *Circuit Judge*.

   After her adult daughter died in a Sussex County, Delaware jail cell, Janine

Grossnickle sued three Delaware corrections officials and the jail's healthcare provider.

In the action that she filed under 42 U.S.C. § 1983 in Delaware Superior Court and that

was later removed to federal court, *see* 28 U.S.C. §§ 1343, 1441(a), Grossnickle claimed

_____

[*] The Honorable Stephanos Bibas, United States Circuit Judge of the United States Court
of Appeals for the Third Circuit, sitting by designation pursuant to 28 U.S.C. § 291(b).

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that the defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. As a result of their deliberate indifference to her daughter's serious medical needs, Grossnickle alleges, her daughter died from a possible drug withdrawal or an atypical drug reaction.

But Grossnickle served the three corrections officials two months late and failed to perfect service as required by Delaware law. *See* 10 Del. C. § 3103(c); Del. Super. Ct. R. 4(j). She also failed to cure these errors after the officials removed the case to federal court. *See* 28 U.S.C. § 1448. And during the pendency of the case, the jail's healthcare provider petitioned for bankruptcy.

Due to the insufficient service of process, the officials successfully moved under Rule 12(b)(5) to dismiss the claims against them. Grossnickle timely appealed. She identifies the final-order rule, *see* 28 U.S.C. § 1291, as the basis for appellate jurisdiction. But on independent review, the order dismissing the officials for insufficient service of process was not final. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts . . . must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

For an order to fall within this Court's final-order appellate jurisdiction, it must generally resolve all claims against all parties. *See Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999) ("Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal . . . ."); *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219–20 (3d Cir. 2012) (same). And here, even after the dismissal of the three officials, the healthcare provider remained a party to the case. So the order dismissing those officials was not final for purposes of appeal.

2

This outcome is not affected by the healthcare provider's voluntary petition for bankruptcy. That filing occurred after Grossnickle commenced this action, and for a time an automatic stay applied to her claims against the healthcare provider. *See* 11 U.S.C. § 362(a)(1). While in effect, that stay did not convert the District Court's order resolving Grossnickle's claims against fewer than all defendants into a final appealable order under § 1291, and Grossnickle failed to obtain a certification under Rule 54(b) before appealing. *Compare Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 426 (3d Cir. 1988) (treating an order of dismissal as final even though a bankruptcy-stay defendant remained in the case, because the appellant had obtained a Rule 54(b) certification), *with Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1010 (7th Cir. 2013) (explaining that a summary judgment order was nonfinal because a bankruptcy-stay defendant remained in the case and the appellant had failed to seek certification under Rule 54(b)). And after the order, but before Grossnickle's notice of appeal, the Bankruptcy Court lifted the automatic stay with respect to her action. Thus, the District Court's dismissal of Grossnickle's claims against the three corrections officials remains a non-final order over which this Court lacks appellate jurisdiction under § 1291.

Because Grossnickle does not have another basis for appellate jurisdiction – such as the collateral order doctrine or a certification under § 1292(b) – we will dismiss her appeal without prejudice.